United States Court of Appeals
Fifth Circuit

**F I L E D**

July 11, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 02-30645
Summary Calendar

_____

JAMES CRANDELL,

Petitioner-Appellant,

versus

WARDEN LOUISIANA STATE PENITENTIARY,

Respondent-Appellee.

_____

**Appeal from the United States District Court
for the Western District of Louisiana
(99-CV-2166)**

_____

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

James Crandell, Louisiana prisoner #301148, was convicted of first degree murder and sentenced to life in prison. Concerning his application for federal habeas relief pursuant to 28 U.S.C. § 2254, our court granted Crandell a certificate of appealability on: (1) whether **Teague v. Lane**, 489 U.S. 288 (1989), bars Crandell's asserting his challenge to the indictment; (2) whether Crandell validly asserted denial of due process and equal protection by the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleged racially discriminatory method of selecting grand jury forepersons in Bossier Parish; and (3) whether counsel was ineffective for failing to move to quash the indictment on that basis. (Crandell's motion for appointment of counsel on appeal is **DENIED**.)

The district court's determination that *Campbell v. Louisiana*, 523 U.S. 392 (1998) (white defendant has third-party standing to challenge exclusion of blacks from grand jury), was a "new rule" of constitutional law that could not be applied retroactively under *Teague* is erroneous in the light of our subsequent decision in *Peterson v. Cain*, 302 F.3d 508, 515 (5th Cir. 2002), *cert. denied*, 123 S. Ct. 886 (2003). *Peterson* held the Supreme Court derived its *Campbell* decision from its earlier decisions in *Powers v. Ohio*, 499 U.S. 400 (1991), *Hobby v. United States*, 468 U.S. 339 (1984), *Rose v. Mitchell*, 443 U.S. 545 (1979), and *Peters v. Kiff*, 407 U.S. 493 (1972)(plurality opinion). *Peterson*, 302 F.3d at 512-15. All of these decisions were rendered prior to when Crandell's conviction became final. In short, *Campbell* is not a new rule of law and *Teague* does not bar Crandell's due process and equal protection claims.

As for Crandell's claim that counsel was ineffective for failing to move to quash, the district court's ineffective assistance of counsel ruling was based, in part, on *Campbell*'s being a new rule of Constitutional law.

2

We, therefore, **VACATE** that portion of the district court's judgment on these issues and **REMAND**: (1) Crandell's due process and equal protection claims based on the alleged racially discriminatory method of selecting grand jury forepersons in Bossier Parish; and (2) his ineffective assistance claim for counsel's failure to move to quash the indictment on that basis.

*VACATED and REMANDED*

3